STATE OF MISSOURI TO USE OF W. W. KIMBALL &
COMPANY, Respondent, v. G. W. LOWDER
*et al.*, Appellants.

St. Louis Court of Appeals, January 2, 1895.

Practice, Appellate: DILIGENCE IN PROSECUTION OF APPEAL. It is
the duty of an appellant, who intends to file a full transcript of the
record in this court, to order the clerk of the trial court to prepare
such transcript as soon as the bill of exceptions in the case is filed.
This is essential to the prosecution of the appeal with diligence.

*Appeal from the McDonald Circuit Court.*—HON. J. C.
LAMSON, Judge.

AFFIRMED.

*H. C. Pepper* for appellants.

*J. A. Frink* and *O. L. Cravens* for respondent.

ROMBAUER, P. J.—The plaintiff moves to affirm
the judgment of the trial court, and in support of its
motion shows the following facts: The judgment was
recovered on August 17, 1893, and an appeal granted
defendants to this court October 24, 1893; yet the
transcript of the record was not filed in this court until
September 13, 1894, and until after the time when the
plaintiff notified the defendant that it would move for
an affirmance of the judgment. The only cause shown
by the affidavit of two of the defendants, why the
judgment should not be affirmed against them, is that
the clerk never notified them or their attorney of
record that he had completed the transcript of the
cause until May, 1894. This statement is contradicted
by the clerk's certificate; but, even assuming it to be

true, it fails to show good cause why the judgment should not be affirmed, since it nowhere appears that either the defendants or their attorney ever ordered such transcript to be made. We have heretofore decided that, where a party appealing desires to bring up the transcript of the record, instead of filing an abstract of the record only under the provisions of section 2253 of the Revised Statutes of 1889, it is his duty to order the clerk to make out such transcript as soon as the bill of exceptions is filed, and his failure to do so, resulting in delay, is a failure to prosecute the appeal with due diligence.

It results that the plaintiff's motion must be sustained. Judgment affirmed. All concur.